IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sosa Mandiez Croft, | ) | Case No.: 0:23-cv-4781-JD-PJG |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Greenville County Detention Center Division of Health; Hannah Donald, RN Medical Staff; Abigail Koger, RN Medical Staff, | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) Plaintiff Sosa Mandiez Croft ("Plaintiff" or "Croft"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference by Defendants Greenville County Detention Center Division of Health; Hannah Donald, RN Medical Staff; Abigail Koger, RN Medical Staff (collectively "Defendants"), surrounding an injury to his knee that occurred on September 8, 2020, while Plaintiff was getting out of his bunk at the Greenville County Detention Center. (DE 1.) Plaintiff alleges the medical staff at the jail "refused to give [Plaintiff] proper medical treatment for [his] left knee" for twenty months until December 15, 2022, when he was transferred to the South Carolina Department of Corrections. (Id. at 8.) For relief, Plaintiff is seeking monetary damages. (Id. at 6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Report was issued on October 11, 2023, recommending Plaintiff's case be summarily dismissed without prejudice and without issuance and service of process because Plaintiff fails to state a deliberate indifference claim upon which relief can be granted.  (DE 9.)  Plaintiff has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 9) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 27, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.